# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _05- CV- 02342- BNB_
_____
(To be supplied by the court)


_NIDAL  A. AYYAD_____, Plaintiff,

v.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 8 2006

_ALBERTO GONZALES (U.S. Attorney General)_   GREGORY C. LANGHAM
CLERK

_John Does, FBI Agents_____,

_R. Wiley, ADX WARDEN_____,

_MICHAEL K. NALLEY, Regional Director_

_HARREL WATTS, Administrator National_

_Inmate Appeal._____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line.)

_____

## (( AMENDED PRISONER COMPLAINT ))

_____

(Rev. 9/02/04)

## A. PARTIES

1. NIDAL A. AYYAD, #16917-050, United States Penitentiary- MAX
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   ("ADX"), P.O. Box 8500, Florence, Colorado, 81226-8500

2. MR. ALBERTO GONZALES, United States Attorney General,
   (Name, title, and address of first defendant)
   Department of Justice, Constitution Ave. ≠ 10th ST. N.W.; Washington DC 20530
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:

   ACTING UNDER FEDERAL LAW, FEDERAL GOVERNMENT

   OFFICIAL

3. John Does', FEDERAL BUREAU OF INVESTIGATION "FBI" Agents--"Unknown"
   (Name, title, and address of second defendant)
   FBI; 935 Pennsylvania Ave, NW; Washington D.C., 20535
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:

   ACTING UNDER FEDERAL LAW, FEDERAL GOVERNMENT

   AGENTS.

4. R. WILEY, WARDEN; U.S. Penitentiary-MAX ("ADX"),
   (Name, title, and address of third defendant)
   P.O. Box 8500, Florence, CO 81226-8500
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ✓ No (CHECK ONE). Briefly explain your answer:

   ACTING UNDER FEDERAL LAW, A WARDEN OF FEDERAL

   PRISON.

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 9/02/04)                               2

# "A. PARTIES"

5. FOURTH DEFENDANT: MR. MICHAEL K. NALLEY, REGIONAL DIRECTOR OF BUREAU OF PRISONS; 400 State Ave.; Tower II, 8TH Floor, KANSAS City, KANSAS, 66101-2492

- Was this defendant acting under color of State Law? — yes ✗NO DEFENDANT ACTING UNDER FEDERAL LAW, a Director of Federal Regional Bureau of Prisons.

6. FIFTH DEFENDANT: MR. HARREL WATTS, Administrator of National Inmate Appeal. FEDERAL BUREAU OF Prisons ("BOP") — CENTRAL OFFICE 320 FIRST Street, NW Washington, DC 20534

- Was this defendant acting under Color of State Law? — YES ✗NO DEFENDANT ACTING UNDER FEDERAL LAW, AN ADMINISTRATOR IN THE CENTRAL OFFICE OF th BUREAU OF PRISON (FEDERAL).

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

   _____ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ✓ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   N/A

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

1. Plaintiff is an American Citizen.

2. The Plaintiff has been incarcerated in various Federal Prisons Since his arrest on March 1993.

3. The plaintiff is serving (117) years and one month prison Sentence for his conviction in the United States District Court, for the Southern District of New York. On charges related to the 1993 World Trade Center bombing.

4. Throughout the plaintiff's incarceration, he was housed in open general population receiving ALL privileges and rights offered to other inmates, such as: Job assignment, 300 minutes per month of telephone calls, visitation with family, relatives and friends, No restrictions on Correspondence or access to Newspapers and Magazines, received Periodicals Subscriptions freely.

(Rev. 9/02/04)                              ● 4 ●

# "C. NATURE OF THE CASE."

5. Throughout the plaintiff's incarceration for the past (12) years, ALL of his incoming and outgoing, and telephone calls were all monitered very closely and translated as well.

6. On October 4th, 2002, the plaintiff was transferred to the U.S. Penitentiary-MAX at Florence, Colorado ("ADX"), coming from U.S. Penitentiary at Lewisburg, Pennsylvania. Shortly after his arrival at the ADX, the plaintiff was housed in a general population unit receiving the same treatment, privileges as other inmates housed in the same unit.

7. On February 28th, 2005, the "NBC" Television network has broadcasted an investigative news report during the nightly news, related to a correspondence between the plaintiff, his co-defendants (Mohammed Salameh, and Mahmud Abuhalima) and other prisoners in Spain. The news report included many speculative allegations. [Plaintiff's co-defendants are also incarcerated at the ADX]

8. The plaintiff has corresponded with one prisoner in Spain as a Pen-Pal for a period of one year approximately (2003-2004), ALL correspondence was given to ADX staff for mail processing in accordance to the mail policy of the ADX and the Bureau of Prisons ("BOP"). ALL outgoing letters the plaintiff sent were addressed directly to the prisoner in Spain.

# "C. NATURE OF THE CASE."

9. On or about March 2004 (one year prior to the NBC news report) the ADX staff informed the plaintiff that he is <u>not</u> allowed to correspond with the prisoner in Spain without an advanced approval. At this time, the plaintiff immediately stopped the correspondence as instructed.

10. The plaintiff in his correspondence with the prisoner in Spain, <u>never</u> encouraged violance, nor he ever condoned it in any way, form, or fashion. The plaintiff never received any incident report for correspondence mis-conduct.

11. The following days after the NBC news report, the plaintiff seen the United States Attorney General commenting on the NBC report promising to investigate and take action.

12. On March 8th, 2002, the ADX Warden imposed on the plaintiff a "Restricted General Correspondence Restriction" in a reaction to the NBC news report, Restricting the plaintiff's correspondence with his immediate family members only. The plaintiff received no hearing regarding the allegations and couldn't defend himself. (SEE Exhibit     )

13. The United States Attorney General ("USAG"), also in a reaction to the NBC news report, on March 18th, 2005

# "C. NATURE OF THE CASE"

imposed on the plaintiff a Special Administrative Measures ("SAM") (see Exhibit A). The SAM restrictions deprived the plaintiff of numerous rights and privileges that he had for the past (12) years in prison without a hearing. Some of the rights and privileges the plaintiff has lost due to the SAM restrictions are, but not limited to,: NOT allowed to correspond with relatives and friends (non-prisoners) only immediate family (see SAM article 3.g), visits and phone calls with immediate family only (see SAM article 3.a. and 3.l), delay of non-English mail outgoing-incoming for periods of more than (3) months and English mail of one month delay (see SAM article 3.g.iv.(1)a,b), ~~Rejecting all current subscriptions the plaintiff~~ had, not allowing the plaintiff to subscribe to any Newspaper, or Magazines, Being Removed from General Population Unit to a Special Security Unit ("SSU") in total segregation, not allowed access to T.V. news channels in the T.V. cell, not allowed to correspond with lawyers other than "Attorney of record." Plaintiff has no attorney of record. "SEE plaintiff's Affidavit Exhibit"

14. The FBI agents, John Does, are assigned to enforce the SAM restrictions and handle all requests submitted by the plaintiff to the ADX staff seeking approval to purchase Newspapers and Magazines subscriptions or religious book or regular books. Also, FBI agents handles the plaintiff's incoming-outgoing mail to process it according to the SAM restrictions, delaying the non-English mail (60) business days and the English for one month.

# "C. NATURE OF THE CASE"

15. The ADX staff provide the plaintiff with a daily issue of the USA-Today Newspaper, one month delayed issue with several pages/sections removed due to the "SAM".

16. Since the "SAM" has been imposed on the plaintiff, not one single publication subscription request was approved, not one single issue of his current active subscription was given to him. ALL subscriptions current active or requested are denied—Rejected by ADX staff and FBI agents according to "SAM" restrictions. ALL of the plaintiff's incoming—outgoing correspondence with his mother who lives in New Jersey is taking about 3-4 months (Arabic mail) for delivery or mail out. ALL is Due to "SAM" restrictions

17. As of this day, the plaintiff was not charged with any mis-conduct whatsoever, the plaintiff had and still has clean conduct at ADX, did not receive any incident reports at all.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: The defendants violated the plaintiff's First Amendment
   Supporting Facts: Rights, By implementing, imposing the "SAM" Document.

18. The plaintiff realleges and incorporates by reference his assertions in paragraphs 1 through 17 as if fully restated herein.

19. In the manner described herein 1 through 17, and the paragraphs of this claim, the defendants Gonzales, John Does, Wiley, Nalley, and Watts acted in conceret and deprived the plaintiff of his rights secured by the First Amendment to the United States Constitution When they implemented and imposed the SAM restrictions document.

20. Defendant Gonzales, the U.S. Attorney General, on March 18th 2005, has ordered and directed the BOP officials to impose and implement the Special Administrative Measures ("SAM") restriction document on the plaintiff. The SAM is a one document consist of numerous restrictions that deprived the plaintiff of his First Amendment rights and other Constitutional rights as well. Some of the restrictions are, but not limited to, (SEE Exhibit A, SAM Document):

   - SAM article 1.a gives control and priority to whatever is more restrictive the BOP policy or the SAM restrictions.

   - SAM article 1.c. outline ALL of the plaintiff's Communication Prohibitions with the exception of what the SAM allows,

# "D. CAUSE OF ACTION"

(only immediate family members are allowed)

- SAM article 2.a., footnote ①, defines the only attorney the plaintiff is allowed Correspond/communicate with is the "Attorney of record", The plaintiff has no Attorney representing him.
- SAM article 2.i., footnote ⑥, defines what is the Legal mail the plaintiff is allowed, is a mail to "Attorney of Record" only. ALL other mail is to be processed as NON-LEGAL mail.
- NON-LEGAL mail is defined in SAM article 3.g.(i) as to be mail to immediate family members only (i.e. spouse, child, parents, and Sibilings) No exceptions are made.
- SAM article 3.a. and 3.f. restricts the plaintiff's Visits and phone Calls with immediate family members only
- SAM article 3.g.(iv)(i)a,b, and c specify that the government after analysis and review of the plaintiff's non-English Correspondence will delay/hold it for (60)sixty business days, and(14) business days for English mail. This causes excessive delay of 3 months or more.
- SAM article 4 forbids plaintiff's communications with media, through correspondence, Telephone calls, or Visits or any other means.
- SAM article 5 forbids the plaintiff from group prayers.
- SAM article 6.a. and b. forbids the plaintiff from talking to other inmates, Article 8 forbids the plaintiff from making Statements to other inmates in the Cell block.
- SAM article (10) restricts the plaintiff's access Newspapers, Periodicals, and Publication, which should be approved by

## "D. CAUSE OF ACTION."

the F.B.I, BOP, and U.S. Attorney for Southern District of New York (so far no publication, newspaper, or magazines has been approved) (SEE Exh. A, SAM article 10.a.(i)), Also, the government will remove all sections from the publication such as advertisment, classified, letters to the editor, then would give the publication to the plaintiff after (30) days delay, if the publication in Arabic article 3.g.(iv), 60 days delay. See SAM article 10.a.2, ii, iii.

Its clear that defendant Gonzales intended to have the above SAM restrictions imposed and applied on the plaintiff when he issued the SAM document.

21. Once the SAM restrictions document was imposed on 3/18/05, on the plaintiff, defendant John Does, FBI agents, were assigned to enforce and implement the SAM restriction document, since there are several SAM restrictions require a direct involvement of the F.B.I. Further the defendants John Does supervise and coordinate the implementation of the SAM with the ADX staff. The plaintiff is not sure out of what FBI office the defendant John Does were appointed from. As instructed in the SAM document, the plaintiff submitted numerous requests to subscribe to Newspapers, and Magazines ALL requests were DENIED per defendants John Does, the denial was communicated to the plaintiff through ADX staff.

# "D. CAUSE OF ACTION"

Further, defendants John Does are the actual one in charge of translating, processing, analysing, and delaying the plaintiff's correspondence (non-English) over (3) Three months according to SAM article 3.q. The defendants, John Does, would only process mail that is allowed by SAM restriction document (only immediate family members allowed), not even soliciting a Lawyer is permitted in the SAM document. John Does are willing participant in depriving the plaintiff of his First Amendment Rights.

22. Defendant, R. Wiley, is the ADX warden, he is in charge of the plaintiff's confinement conditions and all other related matters. Defendant Wiley is an important participant in applying and implementing the SAM restrictions document (dated 3/18/05) as its written on the plaintiff, enforcing every single restriction in the SAM document, as the document instruct. Defendant Wiley stops and rejects all incoming mail sent to plaintiff from friends and relatives, also stops and rejects all incoming publications the plaintiff subscribed prior to SAM imposition. On April 7th, 2005, the plaintiff filed an administrative Remedy request in the defendant's office seeking the REMOVAL OF ALL SAM Restrictions (SEE Exh. C, Case No. 371375-F2). On 4/19/05, defendant Wiley's office responded to the plaintiff grievance with "DENIED" to the request relief. (SEE Exh. C, Response Case No. 371375-F2). Defendant failed to remove all SAM restrictions imposed on the plaintiff, such restrictions (above Para. 20) Violates the First Amendment. Also defendant doesn't allow plaintiff access to Arabic Islamic books from chaplain library.

## "D. CAUSE OF ACTION"

23. Defendant, Michael K. Nalley, the Regional Director of the BOP, received the administrative Remedy Appeal filed by the plaintiff on 4/25/2005 requesting the "Removal of the SAM", (See Exh. C, Case No. 371375-R1), Defendant Nalley responded to the plaintiff's appeal by stating "APPEAL IS DENIED", Further defendan Nalley stated that the BOP has <u>NO</u> authority to "-- <u>remove</u> or <u>amend</u> the restrictions imposed." (See Exh. C, Response Case No. 371375-R1). Defendant Nalley failed to correct, amend, or remove the imposed SAM restrictions, therefore he is a participant in violating the plaintiff's First Amendment rights.

24. Defendant Harrel watts, is the Administrator of National Inmate Appeal at the BOP Central office in Washington DC. The plaintiff, on 7/17/05 filed his "Central office Administrative Remedy Appeal" with this defendant, the plaintiff requested to "Remove the SAM". (see Exh. C, Case No. 371375-A1) the plaintiff made other requests as well. Defendant Watts responded to the plaintiff's appeal on 9/20/05 by stating "Your Appeal is DENIED" (See Response Case No. 371375-A1). Defendant Watts is a participant in violating the plaintiff's First Amendment Rights, since he has refused to to remove the SAM restrictions Document or correct or amend, Defendant failed to full his responsibility.

# "D. CAUSE OF ACTION."

25. The plaintiff prior to the SAM restriction Document being imposed on him on 3/18/05, he had No restriction whatsoever. The plaintiff had several Newspaper and magazines subscription, had correspondence with friend and relatives, had received visits from friends, had telephone calls with relatives, friends, and family. Defendants deprived the plaintiff all of his rights and privileges including those mentioned in this paragraph.

26. As a result of the actions, directions, failing to act or correct or amend or remove the numerous SAM restrictions Document imposed on the plaintiff by the aforementioned defendants caused the plaintiff irreparable harm due to the violation of his rights secured by the First Amendment ~~rights~~ ~~secretedby~~ to the United States Constitution.

• 14 •

2.   Claim Two: <u>The defendants Violated the plaintiff's Substantive Due Process,</u>
  Procedural Due Process and Equal Protection Rights when
Supporting Facts:  the SAM was imposed.

27. The plaintiff realleges and incorporates by reference his assertions in paragraphs 1 through 26 as if fully restated herein.

28. In the manner described herein 1 through 26, and the paragraphs of this claim, the defendants Gonzales, John Does', Wiley, Nalley, and Watts, acted in conceret and deprived the plaintiff of his rights to Due Process and equal treatment when they imposed the SAM restrictions.

29. In a response to the NBC news report's allegations and speculations, the Defendant ADX Warden, imposed on the plaintiff on 3/10/05, a "General Correspondence Restrictions" (See Ex. B) restricting his correspondence to his immediate family members only. The plaintiff was not given any hearings to contest the allegations and restrictions. On 3/18/05 the SAM restrictions Document was on the plaintiff which Lead to re-classification of the plaintiff's custody level, and placing him in a total segregation in the Special Security Unit "SSU". As a result, the plaintiff Lost most of his rights and privileges that he had prior to the SAM numerous restrictions taking effect (See Para. #20 above, and Ex. A SAM Document) Without offering the plaintiff a hearing to argue against any allegations, or against the government actions that deprived him of many rights, nor he was allowed defend himself by calling witnesses.

30. On 3/18/05, in a reaction to the NBC news report, defendant Gonzales, ordered and directed the BOP officials to impose, implement, and enforce the SAM restriction document on the

## "D. CAUSE OF ACTION"

Plaintiff depriving him of numerous constitutional rights and privileges (see para. 20 above, and Ex. A SAM doc.). Defendant Gonzales did not provide the plaintiff with any hearings to argue against the SAM document and the government's actions that deprived him of his constitutional rights and privileges. The plaintiff was never charged with any wrong doings or violation to be punished.

31. Defendants, John Does' FBI agents, once the SAM restrictions were imposed on the plaintiff on 3/18/05, John Does were assigned to enforce, monitor, and implement the SAM numerous restrictions in coordination with the ADX Warden and BOP officials. In accordance to various SAM articles, defendant John Does process many requests submitted by the plaintiff seeking approval to subscribe to various periodicals, the defendants, John Does, always denied plaintiff's requests without providing him with a due process to appeal or challenge the defendant denial. Also, in order for the plaintiff to receive a visitor or call or correspond must be verified and approved by FBI agents John Does. In a case of FBI agent's denial, the plaintiff has no due process to appeal the agents decisions to a higher FBI authority. It's known that the defendants John Does are FBI agents report directly to the FBI agency NOT the BOP. The plaintiff has no due process when it comes to FBI agents decisions.

32. The defendant Nalley is the BOP Regional Director, part of

# "D. CAUSE OF ACTION"

his responsibilities is to ensure that all of the BOP officials in his region adhere to policy, due process of the law, and regulations. After the SAM restrictions were imposed, the plaintiff submitted a grievance appeal to defendant's Nally office on 4/25.05 (see Ex. C, Case No. a 371375-R1) in which the plaintiff complains about the SAM restrictions were unjustly imposed without committing any wrong doing or violations. The defendan Nalley failed to investigate the matter and ensure that the plaintiff's rights were restricted according to due process of the Law.

33. Defendant Watts, the Administrator of National Inmate Appeal, received a grievance appeal filed on 7/17/05 (see Exh. C, case No. 371375-A1) in wich the plaintiff requesting the removal of the SAM document and the restrictions were imposed unjustly without due process. Defendant watts responded on 9/20/05 (see Ex C, response case No. 371375-A1) denying all of the plaintiff's requests and concerns. Defendant Watts failed to ensure that due process rights of the plaintiff's are protected after the SAM restrictions were imposed.

34. Defendant Wiley and his agents/staff are NOT treating the plaintiff equally as they treat other inmate at the ADX since the SAM restrictions were imposed on 3/18/05 and until the present time. As the ADX Warden, Wiley knows that the plaintiff received ALL rights and privileges as other inmates

# "D. CAUSE OF ACTION"

Until 3/18/05 were the plaintiff Lost most of his rights and privileges and received a different treatment, such as, but not limited to:

- Unlike other inmates, the plaintiff is not allowed to receive or subscribe to Newspapers, Magazines, and Periodicals.

- Unlike other inmates, must remain in Full body restraints during a non-contact visits with his mother and child.

- Unlike other inmates, plaintiff is given One phone call per month instead of two. And staff select what time not the plaintiff.

- Unlike other inmate in the ADX, the plaintiff is not given an opportunity to participate in programs that would progress him to a less restrictive unit and ultimately to be transferred to a regular U.S. Penitentiary.

- Unlike other inmates, the plaintiff has no access to Arabic Islamic books in the Chaplain's Library, nor he has an access to a Law Library within the Unit.

- Unlike other inmates, plaintiff is not allowed correspondence, Visitation, phone calls with relatives and friends.

35  As a result of the actions, directions, failure to act or correct the violation of rights, the plaintiff's due process and equal rights were violated by the aforementioned defendants.

0180

3. Claim Three: The defendants Violated the Plaintiff's Fourth

Supporting Facts: Amendments Rights, Unreasonable search and seizure.

36. The plaintiff realleges and incorporates by reference his assertions in paragraphs 1 through 35 as if fully restated herein.

37. In the manner described in 1 through 35, and in the paragraphs of this claim, defendant Gonzales, John Does FBI agents, and Wiley, acted in concert and deprived the plaintiff of his rights secured by the Fourth Amendment when they imposed and implemented the SAM restrictions Document.

38. Defendant Gonzales, on March 18th, 2005 has ordered, directed the BoP officials to impose and implement the SAM restrictions document on the plaintiff. Among the numerous restrictions in the SAM some that constitute an unreasonable search. SAM article 3.g.(iv), a, b, and c, the Federal government would hold, delay, analyise, and review the plaintiff's non-English mail for a period of (60) sixty business days in order to complete analysis and search, and (14) business days for English mail. Further, in the SAM document article 10.a.ii and (iii) the Federal government would remove sections from any periodicals prior to delivering it to the plaintiff after a (30) thirty days delay. Thats if the plaintiff should be approved to subscribe to such periodicals or newspapers.

39. Defendant John Does, FBI agents, were assigned to enforce, monitor, and implement the SAM restrictions document, once it was imposed on 3/18/05, in coordination with the ADX warden and his staff. John Does are the actual one who would translate, hold, delay, search, and review the plaintiff's outgoing - incoming mail, in accordance with

## "D. CAUSE OF ACTION."

SAM article 3.g.(iv), b, and c, delaying non-English mail (60) Sixty business days. Further, defendant John Does, according to SAM article 10.a.(ii) and (iii), decides what sections to remove from periodicals/newspapers may subscribe to, plus a (30) days delay prior to delivery. These actions by defendant John Does shows they are direct participant in violating the plaintiff's Fourth Amendment rights. In particular, when John Does hold/delay the plaintiff's mail to/from his mother who lives in New Jersey for 3 months to translate a one page letter a one minute job!

40. Defendant Wiley, is a participant in depriving the plaintiff of his Fourth Amendment rights. The plaintiff deals directly with the defendant or his/her designee with respect to his incoming/outgoing mail, the plaintiff either turn in mail to staff or receive it. Whether, its incoming/outgoing mail the delay takes place according to the SAM restriction articles discussed in para. 39. The Warden and his designee are fully aware of the (60) Business days delay on plaintiff's mail, since the Warden is the actual handler of the mail. Defendant Wiley's office denied the plaintiff's grievance requesting the removal of all restrictions in the SAM (See Exh. C, Case No. 371375-F2). In addition, Wiley provide the plaintiff with several sections removed from a USA-Today newspaper daily issue (30 days delayed). Wiley failed to correct or amend such violation.

## " D. CAUSE OF ACTION "

Furthermore, Wiley does not allow the plaintiff to seal any legal mail to the Court or to any other legal matters for the purposes of searching/reading such mail.

41. As a result of the actions, directions, failure to act or correct the SAM restrictions imposed on the plaintiff by the aforementioned defendants caused the plaintiff a deprivation of his rights secured by the Fourth Amendment to the United States Constitution.

Claim Four: The Defendants deprived the plaintiff of his Sixth Amendment Rights, to have a Lawyer or hire a lawyer, or solicit a Legal Assistance as per the SAM document.

42. The plaintiff realleges and incorporates by reference his assertions in paragraphs 1 through 41 as if fully restated herein.

43. In the manner described herein 1 through 41 and in the paragraphs of this claim, defendants Gonzales, John Does, Wiley, Nalley, and Watts, acted in conceret and deprived the plaintiff of his rights secured by the Sixth Amendment rights when they imposed and implemented the SAM restrictions Document.

## "D. CAUSE OF ACTION."

44. Defendant Gonzales, on March 18th, 2005, has ordered and directed the BOP officials to impose and implement the SAM restrictions Document in its entirety on the plaintiff. The SAM restrictions document is a ONE document that consist of numerous restrictions. According to the SAM restrictions document, (SEE Exb A), under Communication Prohibitions, the plaintiff is instructed: "...you are limited... from having contact ... with any inmate, Attorney, or anyone else excepts as outlined and allowed by this document." [see Exb. A, SAM article 1.C] The outlined and allowed correspondence by this document are immediate family members (see SAM article 3.g.i) and "Attorney of Record" (see SAM article 2.i and 2.a), the plaintiff has NO Attorney of record, nor he has any legal representation. This leaves the plaintiff with correspondence to immediate family members only. No correspondence is allowed with lawyers or law advocate groups for soliciting a representation since they are not outlined and allowed by the SAM restriction Document. Any mail written by the plaintiff to a party not outlined and allowed by the SAM is rejected. The SAM makes No exceptions to its articles.

45. Defendant John Does, are the FBI agents assigned on 3/18/05 to enforce, implement and moniter that every SAM restriction is carried out on the plaintiff. John Does will not release any of the plaintiff's correspondence unless its outlined and allowed by the SAM restrictions document. As discussed in Paragraph (44),

## "D. CAUSE OF ACTION"

defendant John Does are enforcing SAM articles 1.6, 2.a, 2.i, and 3.g.i which leaves the plaintiff with a correspondence to his immediate family members only, the plaintiff has NO attorney of record to represent him. plaintiff is not permitted to solicit lawyers or law advocates through correspondence by the defendant because such correspondence is not outlined and allowed by the SAM.

46) The ADX Warden, defendant Wiley, is fully aware of the SAM restrictions document when it was imposed on 3/18/05 on the plaintiff. Wiley is aware of every single restriction in the SAM document, since he must ensure its implementation on the plaintiff. As discussed in paragraph (44) the plaintiff is prohibited from corresponding with anyone except those outlined and allowed by the SAM restrictions document. The plaintiff on 4/7/05 filed an administrative remedy request with the defendant's office seeking to remove ALL restrictions (see Exb. C Case No. 371375-F2). Defendant's office Denied the plaintiff remedy (See response Case No. 371375-F2). The defendant failed to correct or remove the unconstitutional restrictions in the SAM document.

47) Defendant Nalley, the BoP Regional Director in charge of all BOP Prisons in his region. On 4/25/05, the plaintiff filed a Regional Administrative Remedy Appeal seeking the REMOVAL of the SAM restrictions document (See Exb. C, Case No. 371375-R1)

# "D. CAUSE OF ACTION."

Defendant Nalley, on 7/3/05 "DENIED" the plaintiff's administrative Remedy Appeal, Nalley in his unequivocal response to the plaintiff stated "..The Special Administrative Measures "SAM" are within the Jurisdiction of the United states Attorney General and the Bureau of Prisons has <u>No</u> authority to remove, or amend the restrictions imposed ". (see Exb. C, Response Case No. 371375-R1). Plaintiff rights to correspond with any lawyer or law advocate group is violated by the defendant's participation since he is aware of the SAM restrictions and refused to correct, remove or amend it.

48. Defendant Watts, is the administrator of National Inmate Appeal, on 7/7/05 the plaintiff filed with the defendant's office a Central office administrative Remedy Appeal seeking to <u>Remove</u> the SAM restrictions document, in addition to other requests. (see Exb. C, Case No. 371375-A1). Defendant Watts Denied the Plaintiff's appeal (see Response Case No. 371375-A1). The defendant knows what kind of restrictions are within the SAM document, In particular limiting Correspondence to immediate family members only, No exception are made. No correspondence with lawyers or the Law advocate groups (not allowed in the SAM) Defendant participated in this claim because he failed to correct or remove the SAM restrictions.

## "D CAUSE OF ACTION."

49. As a result of the actions, directions, and failure to act
or correct or remove or amend the SAM restrictions imposed
on the plaintiff by the aforementioned defendants caused
the plaintiff deprivation of his rights secured by the Sixth
Amendment to the United States Constitution to solicit a
Lawyer by correspondence or solicit Legal assistance by
corresponding with law advocates.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

*KATHLEEN HAWK-SAWYER, BOP Director, et. al.*

2. Docket number and court name:

*1: CV-03-1198, U.S. District Court, Middle District of Pennsylvania (Judge Blewitt)*

3. Claims raised in prior lawsuit:

*Constitutional Violations related to Prison Conditions, Segregation, loss of privileges, etc.*

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

*Dismissed*

5. If the prior lawsuit was dismissed, when was it dismissed and why?

*June 23rd, 2003, Defendant motion for Summary Judgemen GRANTED*

6. Result(s) of any appeal in the prior lawsuit:

*No Appeal file.*

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

If yes, either attach copies or describe with specificity how you have exhausted administrative remedies. If no, briefly explain why not:

*Original copies of administrative Remedies requests and appeals were submitted with the initial Prisoner complaint Exhibit "C."*

(Rev. 9/02/04)

## G. REQUEST FOR RELIEF

State the relief you are requesting.  If you need more space to complete this section, use extra paper.  The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

(A) Issue a Declaratory Judgment stating that:

The Special Administrative Measures ("SAM") restrictions document imposed on the plaintiff by the defendants and implemented by them and their agents is Unconstitutional measures and restrictions which violated Plaintiff's rights under First, Fourth, Fifth and Sixth Amendments to the United States Constitution.

(B) Issue an injunction ordering the defendants: Alberto Gonzales, John Does FBI agents, and R. Wiley, ADX Warden to:

1- Immediately remove the Special Administrative Measures ("SAM") restrictions document from the plaintiff   (continue on additional paper)

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on  3RD February 2006
                    (Date)

_____
(Prisoner's Original Signature)

## "G. REQUEST FOR RELIEF."

2. Reinstate all rights and privileges the plaintiff had prior to February 28th, 2005 (the day of the NBC news report), and place the plaintiff back in general population unit.

3. Allow and permit the plaintiff to have general Correspondence with his non-prisoner relatives, and friends without restrictions as he had prior to the 2/28/05.

4. Allow the plaintiff telephone calls and social visits with his family, relatives, and friends (non-prisoner) similar to what he had prior to 2/28/05.

5. Allow the plaintiff to receive all of his active publications subscription he had prior to the "SAM" (3/18/05).

6. Allow the plaintiff to place subscription orders for News-papers, Magazines and to purchase them as he did prior to the "SAM", The Publication in any language Arabic, English.

7. Allow the plaintiff access to television channels that broadcast News, just as he had prior to the "SAM".

8. Allow the plaintiff access to Arabic Islamic books available in the ADX Chaplain's Library, and allow the plaintiff to purchase similar books as he did prior to the "SAM"

● 28 ●

# "G. REQUST FOR RELIEF"

9. NOT to delay or hold the plaintiff's non-English (Arabic) mail (incoming - outgoing) for (3) three months (60 Business days) or Longer, instead to process plaintiff's Arabic mail in 2-4 weeks as it was befor the SAM, and to process the English mail in (2) two weeks.

10. Allow the plaintiff access to Islamic Counselor, and provid such Counselor to the plaintiff.

11. NOT to remove any sections/pages from any publications the plaintiff may receive, Sections such as editorial, classified, opinion, Letters to the editor, etc. should Not be remove. Also NOT to delay the publication/Newspaper for (30) days

(C) Issue an Injunction ordering defendant, R. Wiley, the ADX Warden and his agents to:
① Allow the plaintiff and permit him to return to his Classification status prior to imposing the "SAM".
② Allow the plaintiff to progress and proceed in the ADX-step down Programs to have the opportunity to Progress to a less restrictive Unit where he could ultimately be transferred to another Prison.

(D) Issue a Preliminary Injunction Ordering the defendants Alberto Gonzales, FBI agents John Does, and R. Wiley (ADX Warden) to:

● 29 ●

## "G. REQUEST FOR RELIEF"

① Immediately allow the plaintiff to correspond with his non-prisoners relatives and friends.

② NOT to delay or hold the plaintiff's non-English (Arabic) mail for (3) three months or longer, instead process it in 2-4 weeks time frame, English mail in 2 weeks.

③ Immediately allow plaintiff to receive visitation with relatives and friends as he did prior to the "SAM".

④ Immediately allow plaintiff to receive all of his active subscriptions to Newspapers and magazines, and allow him to make new orders to Newspapers and magazines and not to allow defendants to delay publications for (30) days.

⑤ Allow the plaintiff access to News Broadcasting channels.

Ⓔ Award compensation to all expenses associated with this action to the plaintiff and award compensation to all publication subscriptions the ADX Warden has rejected due to the "SAM".

Ⓕ GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED.