IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02342-WYD-MJW

NIDAL A. AYYAD,

Plaintiff,

v.

ALBERTO GONZALES, U.S. Attorney General, et al.,

Defendants.

---

**RECOMMENDATIONS ON
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST
(Docket No. 52)
and
DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS FOR
DAMAGES (Docket No. 53)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before the undersigned pursuant to an Order of Reference to Magistrate Judge issued by District Judge Wiley Y. Daniel on March 1, 2006. (Docket No. 22).

The pro se plaintiff, who is incarcerated at the Administrative Maximum Penitentiary in Florence, Colorado ("ADX"), commenced this Bivens action in November 2005. According to the Prisoner Complaint, plaintiff is serving a sentence of imprisonment of 117 years and one month following his conviction in the United States District Court for the Southern District of New York based on charges related to the

2

1993 World Trade Center bombing. (Second Am. Compl., Docket No. 47 at 5). In this action, the plaintiff challenges the implementation of Special Administrative Measures ("SAMs") that severely restrict his communications with the outside world, including his incoming and outgoing mail and his access to the media, the telephone, and visitors. Plaintiff alleges that the defendants violated his First Amendment rights by implementing and imposing the SAMs, that the defendants violated his substantive due process, procedural due process, and equal protection rights when the SAMs were imposed, that they violated his Fourth Amendment rights due to purported unreasonable search and seizures by searching and inspecting his mail, which causes delays, and deprived him of his Sixth Amendment right to have a lawyer, hire a lawyer, or solicit legal assistance per the SAM document. He seeks declaratory, injunctive, and monetary relief.

The SAMs were implemented by the ADX Warden in March 2005 at the direction of the U.S. Attorney General pursuant to 28 C.F.R. § 501.3(a). (See Docket No. 3-2, Notification of Special Administrative Measures). They were imposed for a period not to exceed one year, and they could be reimposed in increments not to exceed one year based on a new risk assessment pursuant to 28 C.F.R. § 501.3(c). In fact, on March 29, 2006, the ADX Warden reimposed and modified the SAMs on the plaintiff for a period of one year. (See Docket No. 47 at 36-48, Notification of Extension/Modification of Special Administrative Measures). With leave of court (Docket No. 45), and without objection by defendants, plaintiff supplemented (see Docket No. 28 - motion to supplement) his First Amended Prisoner Complaint to, *inter*

*alia*, include the extended and modified SAMs.

Now before the court are two dispositive motions which were filed by the defendants. One of the motions, defendants' Motion to Dismiss Official Capacity Claims for Damages (Docket No. 53), has been confessed by the plaintiff (Docket No. 60). Accordingly, it is recommended that that motion be granted and that the official capacity claims for damages be dismissed with prejudice. The second motion before the court is the defendants' Motion to Dismiss for Failure to Exhaust (Docket No. 52). Plaintiff has filed a Response to the motion. (Docket No. 61). The court now being fully informed, makes the following findings, conclusions, and recommendation that the motion be denied.

> Rule 12(b)(1) of the Federal Rules of Civil Procedure:
>
> empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).
>
> Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the

4

pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56.  *See id.* Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp. 2d 1091, 1094-95 (D. Colo. 2001).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that plaintiff can prove no set of facts which entitles him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.

The court first notes that the defendants seek dismissal of the Second Amended

5

Complaint pursuant to Fed. R. Civ. P. 12(b)(1). The Tenth Circuit, however, has held that "a motion under Fed. R. Civ. P. 12(b)(1) is not an appropriate avenue for questioning an inmate's exhaustion of administrative remedies. Rule 12(b)(1) is designed 'for challenges to the court's subject-matter jurisdiction.' . . . It does not apply to issues of exhaustion under [the Prison Litigation Reform Act]." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209 (10th Cir. 2003) (citation omitted). Furthermore, "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.'" Id. at 1210 (citation omitted). Nevertheless, in the interest of judicial economy, the court has considered the defendants' motion as if it was properly made pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants seek dismissal on the ground that the plaintiff has failed to comply with the statutory mandates of the Prisoner Litigation Reform Act by failing to exhaust administrative remedies with respect to his claim regarding the SAMs that were imposed in March 2006. Defendants note that Exhibit C to the original Prisoner Complaint, to which plaintiff refers in his Second Amended Complaint, demonstrates that the plaintiff contested the SAMs that were imposed on March 18, 2005, by Warden Robert A. Hood, not the SAMs that were imposed on March 29, 2006, by Warden R. Wiley. Defendants assert that because the Second Amended Complaint is challenging the constitutionality of the 2006 SAMs, it contains an unexhausted claim which requires that the entire Complaint be dismissed. See Ross v. County of Bernalillo, 365 F.3d 1181, 1189-92 (10th Cir. 2004) (total exhaustion rule).

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." Steele, 355 F.3d at 1210. To satisfy the burden of pleading exhaustion, plaintiff must "either attach copies of administrative pleadings or describe their disposition with specificity." Id. at 1211.

Here, as noted by the defendants, when indicating on his form Second Amended Prisoner Complaint that he exhausted his available administrative remedies, the plaintiff referenced documents he submitted with his original pleading which concerned his exhaustion of his claims concerning the original SAMs instituted in March 2005. (Docket No. 47 at 30). Those documents establish that the plaintiff fully exhausted his available administrative remedies with respect to those claims. Even though those administrative grievances did not address the SAMs instituted in March 2006, this court agrees with the plaintiff that dismissal of his Second Amended Prisoner Complaint is not warranted on the basis of non-exhaustion.

While defendants rely on Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), which established the total exhaustion rule, this court finds that Ross does not require dismissal of this action. "The *Ross* Court reasoned that the total exhaustion

7

rule would 'encourage prisoners to . . . give prison officials the first opportunity to resolve prisoner complaints,' 'facilitate the creation of an administrative record that would ultimately assist federal courts in addressing the prisoner's claims,' 'relieve district courts of the duty to determine whether certain exhausted claims are severable from other unexhausted claims,' and 'avoid at least some piecemeal litigation.'" Kikumura v. Osagie, – F.3d –, 2006 WL 2578805, at *15 (10th Cir. Sept. 8, 2006).  None of these policy considerations apply to the circumstances presented here.

As noted by the plaintiff, the March 2006 SAMs extended all of the very same SAMs which were imposed the previous year, with a few additional limits on the frequency and volume of the plaintiff's correspondence with his immediate family members.  In addition, the March 2006 SAMs commenced immediately upon the expiration of the prior SAM authorization period and will be in effect for a period of one year.  Furthermore, the notification in March 2006 noted that the SAMs could be extended thereafter by Director of the Bureau of Prisons in increments not to exceed one year upon receipt of additional written notification from the Attorney General.

This court agrees with the plaintiff that it makes little sense to have him file new grievances repeating the same issues regarding the SAMs simply because they were extended with slight modifications.  As plaintiff states, "[i]f the plaintiff was to do what the defendants expect, he could never successfully maintain a civil action, because by the time the plaintiff finishes exhausting his remedies with respect to the extended SAM, another extension soon would be due and must start the exhaustion process again and again.  Its [sic] an endless cycle of exhaustion regarding the same issue."

(Docket No. 61 at 7). Furthermore, as noted by the plaintiff, the court notes that in the Regional Administrative Remedy Appeal Response dated July 3, 2005, plaintiff was advised by the Regional Director that the SAMs "are within the jurisdiction of the United States Attorney General and the Bureau of Prisons has no authority to remove or amend the restrictions imposed." (Docket No. 61-3 at 8). As the Tenth Circuit very recently stated in another exhaustion case, "[a]pplying the total exhaustion rule under such circumstances would simply waste judicial resources and create an unnecessary burden on litigants." Kikumura v. Osagie, 2006 WL 2578805, at *15.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants' Motion to Dismiss for Failure to Exhaust, which was filed on July 12, 2006 (Docket No. 52), be **denied**. It is further

**RECOMMENDED** that the Defendants' [unopposed] Motion to Dismiss Official Capacity Claims for Damages, which was filed on July 12, 2006 (Docket No. 53), be **granted**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of**

9

**Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: September 29, 2006      s/ Michael J. Watanabe
   Denver, Colorado       Michael J. Watanabe
                 United States Magistrate Judge