IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02342-WYD-MJW

NIDAL A. AYYAD,

    Plaintiff,

v.

ALBERTO GONZALES, U.S. Attorney General, et al.,

    Defendants.

**ORDER  AFFIRMING AND ADOPTING
RECOMMENDATIONS OF MAGISTRATE JUDGE**

    This matter is before the Court on Defendants Federal Bureau of Prisons, Harley G. Lappin, Alberto Gonzalez, R. Wiley, Michael K. Nalley, and Harrel Watts's Motion to Dismiss for Failure to Exhaust Administrative Remedies [#52], filed on July 12, 2006, and Defendants' Motion to Dismiss Official Capacity Claims for Damages [#53], filed on July 12, 2006.  The matter was referred to Magistrate Judge Watanabe for a recommendation by memorandum dated July 13, 2006.  Magistrate Judge Watanabe issued a  Recommendation on September 29, 2006, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Watanabe recommends therein that "the Defendants' Motion to Dismiss for Failure to Exhaust... be denied."  Recommendation at 8.  Magistrate Judge Watanabe further recommends that "Defendants' [unopposed] Motion to Dismiss Official Capacity Claims for Damages be granted."  *Id.*

On October 16, 2006, Defendants filed a timely Partial Objection to Magistrate Judge Watanabe's Recommendation, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Magistrate Judge Watanabe recommends that Defendants' Motion to Dismiss Official Capacity Claims for Damages be granted as Plaintiff has confessed the motion. Recommendation at 3.  I also find that Plaintiff, in his Response [#69] has confessed Defendants Motion to Dismiss Official Capacity Claims [#53].  Accordingly, Defendants' Motion to Dismiss Official Capacity Claims is granted and the Official Capacity claims are dismissed with prejudice.

As to Defendants' Motion to Dismiss for Failure to Exhaust [#52], Magistrate Judge Watanabe first finds that it is properly analyzed pursuant to FED. R. CIV. P. 12(b)(6) rather than 12(b)(1) as argued by Defendants.  Recommendation at 4-5.  The Tenth Circuit has held that "a motion under FED. R. CIV. P. 12(b)(1) is not an appropriate avenue for questioning an inmate's exhaustion of administrative remedies... [Rule 12(b)(1)] does not apply to issues of exhaustion under [the Prison Litigation Reform Act]."  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003)(reversed on other grounds *Jones v. Bock*, --- S.Ct. ----, 2007 WL 135890 (U.S. Jan 22, 2007) (NO. 05-7058, 05-7142)).  Accordingly, I also find that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies is governed by FED. R. CIV. P. 12(b)(6).

As to the merits, Magistrate Judge Watanabe recommends that the motion be denied. *Id.* at 6-8. Defendants argue that Plaintiff bears the burden of demonstrating exhaustion of administrative remedies for all claims raised. [#68 ¶8]. Further, Defendants urge that "a complaint that fails to allege the requisite exhaustion of remedies fails to state a claim for relief." *Id.* Finally, Defendants argue that the entire Complaint should be dismissed because "inclusion of unexhausted claim in complaint requires dismissal of entire complaint." *Id.* at ¶5 (quoting *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189-92 (10th Cir. 2004). In light of the recent Supreme Court opinion in *Jones v. Bock*, --- S.Ct. ----, 2007 WL 135890 (U.S. Jan 22, 2007) (NO. 05-7058, 05-7142), Defendants' arguments are without merit.

Magistrate Judge Watanabe's Recommendation was filed before the recent opinion of *Jones v. Bock*, No. 05-7142 was issued. Applying the reasoning and conclusions of *Jones v. Bock*, the same result as Magistrate Judge Watanabe's recommendation is warranted; however, the reasoning behind the decision changes. In *Jones v. Bock*, the Supreme Court held "that failure to exhaust is an affirmative defense under the PRLA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." (*Id.* at 15-16). Further, the Supreme Court held that the "total exhaustion" rule (which requires that where there is an unexhausted claim, the entire complaint be dismissed) is not warranted by the PLRA and, therefore, is abolished. *Id.* at 23. Because a Plaintiff is not required to demonstrate exhaustion in his complaint, I find that Defendants' Motion to Dismiss for failure to Exhaust Administrative Remedies [#52] is without merit and should be Denied.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of Magistrate Judge Watanabe dated September 29, 2006, is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Motion to Dismiss for Failure to Exhaust Administrative Remedies [#52] is **DENIED**.  It is

FURTHER ORDERED that the Motion to Dismiss Official Capacity Claims for Damages is **GRANTED**, this claim is **DISMISSED WITH PREJUDICE**.

Dated:  January 30, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge