IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02342-WYD-MJW

NIDAL A. AYYAD,

Plaintiff,

v.

MICHAEL MUKASEY, U.S. Attorney General, et al.,

Defendants.

---

**RECOMMENDATION REGARDING
PLAINTIFF NIDAL A. AYYAD'S MOTION TO CONSOLIDATE AND BRIEF IN
SUPPORT (DOCKET NO. 108)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff Nidal A. Ayyad's Motion to Consolidate and Brief in Support (docket no. 108). The court has reviewed the motion, the response thereto (docket no. 114), and reply (docket no. 116). In addition, the court has taken judicial notice of the court's file and that of Civil Action No. 05-cv-02653-REB-MEH, Mahmud Abouhalima v. Gonzales, et al., and has further considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trail any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders

to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Consolidation is within the discretion of the trial court." Gillette Motor Transport v. Northern Okl. Co., 179 F.2d 711, 712 (10th Cir. 1950). See also D.C.COLO.LCivR 42.1.

Here, the court finds that this case and the case of Mahmud Abouhalima v. Gonzales, et al., Civil Action 05-cv-02653-REB-MEH, involve common questions of law and fact. Plaintiffs Ayyad and Abouhalima are both federal prisoners housed at the Administrative Maximum ("ADX") facility in Florence, Colorado. Both complaints contain similar First, Fifth, and Eight Amendment and Religious Freedom Restoration ("RFRA") claims. Each complaint asserts a claim that Defendants improperly and illegally placed Plaintiffs under Special Administrative Measures ("SAMs"). The claims state that BOP and DOJ had approved of the correspondences that occurred and that Plaintiffs were placed on SAMs based only upon the NBC broadcast that these correspondences occurred. The only argument raised by Defendants is that the two cases are in different stages of litigation. Although these two cases are in different stages of litigation, this court finds, in its discretion, that consolidation is appropriate.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Plaintiff Nidal A. Ayyad's Motion to Consolidate and Brief in Support (docket no. 108) be **GRANTED**;

2. That the case of Mahmud Abouhalima v. Gonzales, et al., Civil Action 05-cv-02653-REB-MEH, be consolidated for all purposes

        into Civil Action No. 05-cv-02342-WYD-MJW, <u>Ayyad v. Mukasey et al.</u>; and

3.     That each party pay their own attorney fees and costs for this motion.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to [a magistrate judge's order] within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."**

Done this 10th day of December 2007.

                                    BY THE COURT

                                    <u>s/ Michael J. Watanabe</u>
                                    MICHAEL J. WATANABE
                                    U.S. MAGISTRATE JUDGE