IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02342-WYD-MJW

NIDAL A. AYYAD,

Plaintiff,

v.

MICHAEL MUKASEY, U.S. ATTORNEY GENERAL, et al.

Defendants.

---

**RECOMMENDATION REGARDING DEFENDANTS' OPPOSED MOTION TO CONSOLIDATE (DOCKET NO. 120)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Opposed Motion to Consolidate (docket no. 120). The court has reviewed the motion and the response thereto (docket no. 126). In addition, the court has taken judicial notice of the court's file and that of Civil Action No. 07-cv-01561-WYD-MJW, Salameh v. Gonzales, et al., and has further considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Consideration is within the discretion of the trial court." Gillette Motor Transport v. Northern Okl. Co., 179 F.2d 711, 712 (10th Cir. 1950). See also D.C.COLO.LCivR 42.1.

Here, the court finds that this case and the case of Salameh v. Gonzales, et al., Civil Action No. 07-cv-01561-WYD-MJW, involve common questions of law and fact. Both Plaintiffs are federal inmates incarcerated at the Administrative Maximum Penitentiary, Florence, Colorado (ADX). Both Plaintiffs were convicted, in the United States District Court for the Southern District of New York, of federal crimes relating to the 1993 World Trade Center bombing. In 2005, pursuant to the direction of the Attorney General of the United States, Special Administrative Measures (SAMs) were implemented against both Plaintiffs pursuant to 28 C.F.R. § 501.3(a). The SAMs remain in effect against both Plaintiffs. In both of these lawsuits, each Plaintiff claims that the SAMs violates the United States Constitution, and each Plaintiff seeks injunctive relief against the government. Both cases are on similar discovery schedules.

## RECOMMENDATION

**WHEREFORE,** based upon these findings of face and conclusions of law, this court **RECOMMENDS**:

1. That Defendants' Opposed Motion to Consolidate (docket no. 120) be **GRANTED**;

2. That the case of Salameh v. Gonzales, et al.,Civil Action No. 07-cv-01561-WYD-MJW, be consolidated for all purposes into Civil

Action No. 05-cv-02342-WYD-MJW, Ayyad v. Mukasey et al.; and,

3. That each party pay their own attorney fees and costs for this motion.

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to [a magistrate judge's order] within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."**

Done this 14th day of January 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE