IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01561-WYD-MJW

MOHAMMAD AMIN SALAMEH,

      Plaintiff,

v.

| | |
|---|---|
| MICHAEL MUKASEY,* | in his official capacity as U.S. Attorney General, |
| HARLEY LAPPIN, | in his official capacity as Director, Federal Bureau of Prisons, |
| HARRELL WATTS, | in his official capacity as Administrator, National Inmate Appeals, |
| RONALD WILEY, | in his official capacity as Warden, USP Florence ADMAX, |
| UNKNOWN FBI AGENTS 1-5, | in their official capacity as agents of the Federal Bureau of Investigation, |
| ALOMA KIDWILER, | in her official capacity as Special Investigative Services Technician, USP Florence, ADMAX, |

      Defendants.

---

PLAINTIFF MOHAMMAD AMIN SALAMEH'S RESPONSE TO
DEFENDANTS' OPPOSED MOTION TO CONSOLIDATE FILED IN
AYYAD V. MUKASEY, 05-CV-02342

---

Defendants in Civil Action No. 05-cv-02342-WYD-MJW, NIDAL AYYAD v.

MUKASEY et al., move to consolidate Ayyad with Civil Action No. 07-01561-WYD-MJW,

MOHAMMAD AMIN SALAMEH v. GONZALES et al. (Ayyad, docket no. 120.) Pursuant to

D.C.COLO.LCIVR 42.1, the motion to consolidate was filed in Ayyad, it being the oldest

*Substitution for former U.S. Attorney General Alberto Gonzales is automatic pursuant to Fed. R. Civ. P. 25(d).

numbered case.  Plaintiff Salameh, for the reasons stated below, opposes consolidation.  Plaintiff

Ayyad also opposes consolidation.  (Ayyad, docket no. 126.)

A motion to consolidate a third case is pending before this Court: On November 14,

2007, Plaintiff Ayyad moved to consolidate his case with Civil Action No. 05-cv-02653-REB-

MEH, MAHMUD ABOUHALIMA v. GONZALES, et al.  (Ayyad, docket no. 116.)  Plaintiff

Ayyad and Plaintiff Abouhalima are both represented by the University of Denver-Sturm

College of Law Student Law Office ("UDSLO").  Consolidation of Ayyad and Abouhalima will

assist UDSLO's efficient and effective preparation of Plaintiff Ayyad's and Plaintiff

Abouhalima's cases.  On December 10, 2007, Magistrate Judge Michael J. Watanabe filed a

Report and Recommendation recommending that Plaintiff Ayyad's motion be granted.  (Ayyad,

docket no. 117.)  On December 26, 2007, Defendants filed their objection to Magistrate Judge

Watanabe's Report and Recommendation.  (Ayyad, docket no. 124.)

## BACKGROUND FACTS

Plaintiffs Salameh, Ayyad, and Abouhalima were convicted on charges related to the

1993 World Trade Center bombing.  They are currently incarcerated at the United States

Penitentiary Administrative Maximum in Florence, Colorado ("ADX") under Special

Administrative Measures ("SAMs").  The United States Attorney General imposed SAMs on all

three Plaintiffs in March 2005, following media reports alleging that Plaintiffs corresponded with

suspected terrorists in Spain.  The reports also alleged that Plaintiff Salameh published a "Letter

to the Editor" praising Osama bin Laden in the Arabic newspaper "Al Quds."

The ADX, commonly referred to as "SuperMax," is the most secure facility within the

Federal Bureau of Prisons.  Within the "SuperMax" itself, there is a "Special Security Unit,"

commonly referred to as "H" Unit.  All three Plaintiffs are currently housed in H Unit, but only

Plaintiff Salameh's cause of action includes claims based on the conditions of confinement

within H Unit.  Plaintiff Salameh alleges that in two important areas, the day-to-day operations

and management of H Unit fall short of the standards mandated by BOP regulations codified in

the Code of Federal Regulations.  Plaintiff Salameh seeks injunctive relief under the

Administrative Procedures Act, 5 U.S.C. § 702 et seq. (2006).

Plaintiff Salameh will submit his proposed First Amended Complaint on or before

February 25, 2008, pursuant to Magistrate Judge Watanabe's Courtroom Minutes / Minute Order

on November 19, 2007.  (Salameh, docket no. 16.)  Plaintiff Salameh's proposed First

Amendment Complaint will add at least one additional Administrative Procedures Act claim

based on the BOP policies and procedures in H Unit.

## LEGAL STANDARD

When actions before the court involve common issues of law and/or fact, the court has a

range of choices under Federal Rule of Civil Procedure 42(a).  The court may consolidate the

actions in their entirety and for all purposes—or the court may "join for hearing or trial any or all

matters at issue in the actions; or issue any other orders to avoid unnecessary cost or delay."

(*Id.*)  It is well-established that consolidation is within the discretion of the trial court.  Gillette

Motor Transport v. Northern Okl. Co., 179 F.2d 711, 712 (10th Cir. 1950).

The party moving for consolidation must demonstrate that convenience and efficiency

outweigh the potential for prejudice and confusion.  See e.g., U.S. v. Bloch, No. 1:04-CV-40,

2006 WL 846735, at *5 (D. Vt. March 31, 2006) ("The burden is on the moving party to

demonstrate the actions are based on common questions of law and fact, and that efficiency

3

outweighs any prejudice or confusion that might result from consolidation."); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 ("On a motion to consolidate, the moving party bears the burden of proof.").

## ANALYSIS

Defendants argue that consolidation of Ayyad and Salameh is appropriate because consolidation is "permitted as a matter of convenience and economy and is appropriate when cases involve common questions of law or fact." (Def.'s Opposed Mot. To Consolidate ¶ 2, Ayyad docket no. 120.) Defendants' motion did *not* address the very real potential for confusion or prejudice to Plaintiffs—nor does Defendants' motion address the fact that Plaintiff Salameh's cause of action includes two "non-SAMs" claims. (*Id*.)

Ironically, the Special Administrative Measures ("SAMs") provide the strongest arguments against consolidation. By the express terms of the SAMs, Plaintiffs are prohibited from communicating with one another. (Ex. 2 Mohammad Salameh's March 19, 2007, SAMs at p. 11.) Plaintiffs are also prohibited from communicating with attorneys who have not signed SAMs affirmations particular to their own cases. (*Id*. at p. 2-3.) These provisions will seriously hamper Plaintiffs' ability to assist counsel in presenting a cohesive and well-developed cases should consolidation be ordered. Under the SAMS, neither Plaintiffs nor their attorneys may communicate with the media—and the media holds important evidence regarding the facts leading up to the imposition of the SAMs on all three Plaintiffs. (*Id*. at p. 11.) If there is an *issue* ripe for consolidation—as opposed to consolidation of the actions in their *entirety*—it is certainly this restriction in the SAMs.

Finally, in urging consolidation, Defendants overlook the serious obligations Plaintiffs'

counsel have undertaken upon signing the affirmations that are a prerequisite to representing

SAMs prisoners.  (Ex. 3 March 26, 2007, Attorney's Affirmation.)  An attorney's alleged

violation of the SAMs affirmation agreement is a criminal offense that the Department of Justice

has prosecuted in the past with respect to at least one attorney: Lynne Stewart (U.S. v. Sattar et

al., 1:02-cr-00395-JGK).  The Superceding Indictment filed against Ms. Stewart is available at

http://www.lynnestewart.org/IndictmentSuperceding.pdf.  Given the number of UDSLO

attorneys and law students involved in Plaintiffs Ayyad's and Abouhalima's cases, consolidation

will unreasonably increase the risk to Plaintiff Salameh's counsel.  Similarly—and of equal

importance—consolidation will unreasonably increase the risk to UDSLO attorneys and law

students.

Based on all of the above, Plaintiff Salameh respectfully asks the Court to deny

Defendants' motion for consolidation.

DATED this 6th day of January 2008.

Respectfully Submitted,

s/ Joyce Ellen Rosendahl

Joyce Ellen Rosendahl
Law Offices of Joyce Ellen Rosendahl
P.O. Box 15966
Newport Beach, CA  92659
Phone: 949-922-9462
Fax: 949-480-0062
joycerosendahl@rosendahl-law.com

Street Address:
7400 Center Avenue, Suite 109
Huntington Beach, CA  92647

Attorney for Plaintiff Mohammad Amin Salameh

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2008, I electronically filed the foregoing PLAINTIFF

MOHAMMAD AMIN SALAMEH'S RESPONSE TO DEFENDANTS' OPPOSED MOTION TO CONSOLIDATE

FILED IN AYYAD V. MUKASEY, 05-CV-02342, with the Clerk of the United States District Court for the

District of Colorado using the CM/ECF system which will send notification of such filing to

william.pharo@usdoj.gov.

s/ *Joyce Ellen Rosendahl*
Joyce Ellen Rosendahl
Law Offices of Joyce Ellen Rosendahl
P.O. Box 15966
Newport Beach, CA  92659
Phone: 949-922-9462
Fax: 949-480-0062
joycerosendahl@rosendahl-law.com
Attorney for Plaintiff

  Street Address:
  7400 Center Avenue, Suite 109
  Huntington Beach, CA  92647