IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02342-WYD-MJW
(Consolidated with 05-cv-02653)

NIDAL A. AYYAD,

    Plaintiffs,

v.

MICHAEL MUKASEY, et al.,

    Defendants.

## PROTECTIVE ORDER REGARDING LAW STUDENTS

This matter came before the Court upon the motion of the Plaintiff, Nidal A. Ayyad, for a Preliminary Injunction to allow law students enrolled in the Civil Rights Clinic ("CRC") of the Student Law Office ("SLO"), University of Denver Sturm College of Law, to represent the Plaintiff under the supervision of SLO faculty assigned to the CRC. The Defendants objected to this motion due to the Plaintiff's conviction as a result of his involvement with the 1993 bombing of the World Trade Center and his communication with other international terrorists in 2002 and 2003. As a result, the Plaintiff is subjected to Special Administrative Measures ("SAMs") implemented at the direction of the United States Attorney General pursuant to 28 C.F.R. § 501.3.

On January 3, 2008, the Court orally granted the Plaintiff's motion and also authorized CRC law students Myra J. McSwain-Levin and Anna Chung to represent Plaintiff pursuant to this District's Student Practice Order. On January 17, 2008, the Court entered a written order granting a preliminary injunction pursuant to Fed. R. Civ. P. 65(d). The preliminary injunction allows law students that have been authorized by the Court to have access to the Plaintiff in the same manner that an attorney of record would, subject to the requirements of the Plaintiff's SAM, and a Protective Order.

The Court ordered the parties to meet, confer, and file a draft Protective Order by January 22, 2008. The parties conferred in an effort to finalize a Protective Order.[1] After consideration of the parties' submissions and argument, the Court orders that CRC law students Myra McSwain-Levin and Anna Chung are authorized to have access to the Plaintiff subject to the following provisions:

IT IS HEREBY ORDERED that the following Protective Order is entered:

1. The Court has authorized law students Myra J. McSwain-Levin and Anna Chung to represent the Plaintiff under the supervision of licensed attorneys, Laura L. Rovner, Daniel E. Manville and Rajasimha Raghunath, who are faculty at the Sturm College of Law. The Court has authorized the law students to undertake all

---

[1] The Court notes that the Defendants objected to the entry of the Preliminary Injunction, and that they are not waiving any rights to appeal by consenting to the language of this Protective Order.

aspects of client representation and consultation, as coordinated with their supervising attorneys in the SLO. Any contact between the Plaintiff and these law students shall be supervised and take place in the presence of one or more of the licensed supervisory attorneys.

2. The purpose of this Protective Order is to establish that the attorney-client provisions of the Plaintiff's SAM are applicable to CRC law students Myra J. McSwain-Levin and Anna Chung. Before being permitted access to the Plaintiff, Myra J. McSwain-Levin and Anna Chung shall each sign an affirmation acknowledging awareness and understanding of the SAM provisions as specified and enumerated in the document entitled <u>Notification of Special Administrative Measures</u> ("SAM Notification"), dated March 19, 2007, incorporated by reference herein, particularly those that relate to contact between the inmate and his attorney and the attorney's staff. Such acknowledgment will represent the CRC law students' agreement to abide by these provisions, including the restriction that they will not forward third-party messages to or from the inmate. In addition, the law students must submit to and be cleared by a background check by the

Federal Bureau of Investigations (FBI), and will have access to the Plaintiff only after they have been so cleared.

3. Upon the entry of this Protective Order by the Court, the Order shall be effective from the date these law students have signed the Acknowledgment of Protective Order and Agreement to Be Bound, and received FBI clearance. The terms and conditions in this Protective Order shall survive and remain in full force and effect after the termination of this action until canceled or otherwise modified by Order of this Court. The requirement that the law students not divulge the contents of their communications with the Plaintiff to third parties shall survive this litigation. The Protective Order may be modified only by further order of the Court. The Court shall retain jurisdiction to enforce the provisions of this Protective Order.

Dated: February 20, 2008

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge