# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02342-WYD-MJW

NIDAL A. AYYAD,

    Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General of the United States, *et al.*,

    Defendants.

---

(Civil Action No. 05-cv-02653-REB-MJW, consolidated with No. 05-cv-02342-WYD-MJW)

MAHMUD ABOUHALIMA,

    Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General of the United States, *et al.*,

    Defendants.

---

## SECOND PROTECTIVE ORDER

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Second Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1.     This Second Protective Order shall apply to all documents, materials and/or information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Second Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. The use of all documents, materials and/or information described in paragraph 1 of this Second Protective Order shall be limited to this litigation, and shall not be used for any purpose except the preparation and trial of this case. The protections granted by this Second Protective Order shall not be waived.

4. Plaintiffs' attorneys shall not disclose documents, materials and/or information provided by Defendants to anyone except the following: (a) the Court; (b) the attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts or consultants specifically retained for this case by the parties or their attorneys; and (e) the Plaintiffs, except as restricted under paragraphs 8 and 9 of this Second Protective Order. Except as to the Court, the attorneys of record and the Plaintiffs, Plaintiffs' attorneys may provide documents, materials and/or information to such persons only if they have signed an acknowledgment form in the form of attached Exhibit A. Plaintiffs' attorneys shall require all persons permitted to have access to any disclosed records to sign Exhibit A indicating that they have read and agree to be bound by the terms of this Second Protective Order. All persons provided access to the documents, materials and/or information shall not use them for any purpose other than this pending litigation as set forth in Exhibit A.

5. In addition to the foregoing limitations restricting the use of all documents, materials and/or information described in paragraph 1 of this Second Protective Order, certain documents shall be marked "CONFIDENTIAL" and "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" pursuant to this Second Protective Order.

6. Documents, materials and/or information that has been marked CONFIDENTIAL may include correspondence generated by and received by Plaintiffs; translations of such correspondence; communications between the Department of Justice, the Federal Bureau of Investigation and the Federal Bureau of Prisons regarding such correspondence; documents regarding the operation of the Administrative Maximum Penitentiary, Florence, Colorado ("ADX") that could impact institutional security and/or safety; documents that contain information that is exempt under the Freedom of Information Act; documents that contain information that implicates national security; documents that contain information that is law enforcement sensitive or implicates law enforcement techniques; documents that contain confidential health information related to Plaintiffs; documents that concern the institutional adjustment of Plaintiffs; and/or information that is protected by the Privacy Act of 1974.

7. Documents, materials and/or information relating to Plaintiff Ayyad individually shall be disclosed on YELLOW paper. Documents, materials and/or information relating to Plaintiff Abouhalima individually shall be disclosed on BLUE paper. Documents, materials and/or information produced on colored paper shall be reproduced in the color in which it was originally produced.

8. Information relating to Plaintiff Ayyad individually that is disclosed on YELLOW paper shall not be disclosed by Plaintiffs' attorneys to Plaintiff Abouhalima. Except as otherwise restricted by paragraph 9 of this Second Protective Order, Plaintiffs' attorneys may discuss information disclosed on YELLOW paper with Plaintiff Ayyad but not with Plaintiff Abouhalima. Information relating to Plaintiff Abouhalima individually that is disclosed on BLUE paper shall be not disclosed by Plaintiffs' attorneys to Plaintiff Ayyad. Except as otherwise restricted by paragraph 9 of this Second Protective Order, Plaintiffs' attorneys may

discuss information disclosed on BLUE paper with Plaintiff Abouhalima but not with Plaintiff Ayyad.

9. Documents, materials and/or information that has been marked CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY pursuant to this Second Protective Order shall not be disclosed to or discussed with Plaintiffs. These documents may include letters and publications to Plaintiffs that were rejected and not provided to Plaintiffs, including those letters and publications rejected pursuant to the Special Administrative Measures; translations of rejected letters and publications; communications between the Department of Justice, the Federal Bureau of Investigation and the Federal Bureau of Prisons regarding such correspondence; documents regarding the operation of the ADX that could impact institutional security and/or safety; documents that contain information that is exempt under the Freedom of Information Act; documents that contain information that implicates national security; documents that contain information that is law enforcement sensitive or implicates law enforcement techniques; documents that contain confidential health information related to Plaintiffs; documents that concern the institutional adjustment of Plaintiffs; and/or information that is protected by the Privacy Act of 1974.

10. If Plaintiffs' attorneys disagree with any document designated by Defendants as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY, Plaintiffs' attorneys will first seek an informal resolution of the dispute with Defendants. If the dispute cannot be informally resolved within ten (10) business days of submission of the issue to Defendants, Plaintiffs' attorneys may then seek from the Court a review of the disputed designation by submitting the documents under seal [consistant with D.C.Colo.LCivR 7.2 And 7.3]. Prior to obtaining leave of Court (or of Defendants' counsel), portions of any filings that contain documents marked CONFIDENTIAL

4

*MJW 6-19-09*

and CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY, may not be filed publicly, but must be filed under seal.

11. In an effort to avoid any inadvertent disclosure of documents that contain sensitive information all documents produced to Plaintiffs' attorneys pursuant to this Second Protective Order, if attached to a public filing by Plaintiffs' attorneys, will be filed under seal. Additionally, Plaintiffs' attorneys, in their discretion, will be permitted to submit any other filings, including without limitation substantive motions and briefs, under seal if such filings contain information derived from documents produced to them under this Second Protective Order. Subject to the informal resolution provisions of paragraph 10, above, regarding documents that have been marked CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY, any documents produced by Defendants under this Second Protective Order and any other filings submitted under seal by Plaintiffs' attorneys, may be unsealed by the Court upon Plaintiffs' motion requesting that specifically designated documents and filings be unsealed. Should Plaintiffs file such a motion, Defendants shall have twenty (20) days to respond and show cause to the Court why any such documents or filings designated by the Plaintiffs should remain under seal.

12. Whenever a deposition references information marked CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY, the deposition or portions thereof shall be designated as CONFIDENTIAL. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

13.     Plaintiffs' attorneys shall not disclose documents, materials and/or information provided in connection with this litigation, or information contained therein, except as permitted by court order, as permitted by the terms of Exhibit A, or as consented to by Defendants' counsel.

14.     Within thirty (30) days after the final termination of this litigation, Plaintiffs' attorneys shall either return to counsel for Defendants or destroy all documents, materials and/or information produced to Plaintiffs' attorneys pursuant to this Second Protective Order. Plaintiffs' attorneys shall provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants affirming that any documents, materials and/or information produced to Plaintiffs' attorneys pursuant to this Second Protective Order have been destroyed or returned to counsel for Defendants. To effect disposal of electronically-stored information, Plaintiffs' attorneys shall provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants that all electronic media containing artifacts of information subject to this Second Protective Order have been sanitized or destroyed such that the information is irretrievable.

15.     This Second Protective Order supersedes the Protective Order entered by the Court on January 28, 2009. Doc. 147.

16.     This Second Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 15Th day of  June , 2009.

BY THE COURT:

/s/ Michael J. Watanabe
United States Magistrate Judge
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6

Case 1:05-cv-02342-WYD-MJW Document 225 Filed 06/19/09 USDC Colorado Page 7 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02342-WYD-MJW

NIDAL A. AYYAD,

    Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General of the United States, *et al.*,

    Defendants.

---

(Civil Action No. 05-cv-02653-REB-MJW, consolidated with No. 05-cv-02342-WYD-MJW)

MAHMUD ABOUHALIMA,

    Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General of the United States, *et al.*,

    Defendants.

---

## ACKNOWLEDGMENT FORM FOR SECOND PROTECTIVE ORDER

---

    I, _____, acknowledge that I have read and understand the Second Protective Order ("Order") in this action. I agree to be bound by its terms.

    1.    I will use documents, materials and/or information designated as subject to the Order only for purposes of this litigation and not for any other purpose. I will not disclose any such documents, materials and/or information except to the following: (a) the Court; (b) the attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts or consultants specifically retained for this case by the parties or their attorneys; and (e) the Plaintiffs, except as restricted under paragraphs 8 and 9 of the Order.

    2.    I agree that the documents and information marked CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY pursuant to paragraph 9 of the Order may not be disclosed to Plaintiffs under any circumstances.

3. At the termination of this litigation or when I am no longer assigned or retained to work on this case, I will return all documents subject to the Order to counsel for Defendants, or to counsel for Plaintiffs. Counsel for Plaintiffs will, within thirty (30) days after the final termination of this litigation, either return such documents to counsel for Defendants or destroy such documents. I (or Plaintiffs' counsel) will provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants affirming that any documents in my possession that contain information subject to the Order have been destroyed or returned to Defendants.

4. Within sixty (60) days after termination of this litigation, Plaintiffs' counsel will provide a written certification to counsel for Defendants that all electronic media containing artifacts of information subject to the Order have been sanitized or destroyed such that the information is irretrievable.

5. My duties herein shall survive the termination of this case and are binding upon me for all time. I consent to the personal jurisdiction of the Court for the purpose of enforcing the aforementioned Order.

Dated: _____

_____
[signature]

_____
[print name]