IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   05-cv-02342-WYD-MJW
        (consolidated with Civil Action No. 05-cv-02653-WYD-MJW)

NIDAL A. AYYAD and
MAHMUD ABOUHALIMA,

        Plaintiffs,

v.

ERIC H. HOLDER, JR., Attorney General of the United States,
CHARLES E. SAMUELS, JR., Director of the Federal Bureau of Prisons,
PAUL M. LAIRD, Regional Director, North Central Region,
DAVID BERKBILE, Warden, United States Penitentiary - Administrative Maximum, and
JOHN DOES 1 THROUGH 5, sued in their official capacities,

        Defendants.

---

## ORDER

---

THIS MATTER is before the Court on a review of the file.  I note that a hearing is currently set on July 1, 2014 at 10:00 a.m. on Defendants' Motion to Dismiss Ayyad's Claims as Moot and Defendants' Motion for Summary Judgment.  This Order addresses matters raised by Plaintiff Nidal Ayyad ["Ayyad"] in his Second Supplemental Response to Defendants' Motion to Dismiss filed August 26, 2013.  It also addresses further briefing that I find necessary in connection with the pending motions, and which requires a continuance of the hearing so that all issues raised in the motions can be resolved.

By way of background, Defendants' Motion for Summary Judgment seeks to dismiss the claims of both Plaintiffs but is only fully briefed as to Plaintiff Mahmud Abouhalima.  Pursuant to a Minute Order of June 15, 2012, I stayed the filing of

Defendants' reply to the portion of the motion that sought summary judgment against Ayyad pending resolution of the jurisdictional issues raised in Defendants' Motion to Dismiss Ayyad's Claims as Moot.  That motion to dismiss was previously granted in part, denied in part, and deferred in part by Order of October 10, 2012.  Relevant to this Order, the motion was denied as to Ayyad's due process claim challenging his transfer to ADX without notice and an opportunity to be heard.  The motion was deferred as to Ayyad's First Amendment claims so that Ayyad could take discovery on the disputed jurisdictional facts at issue regarding those claims.

The parties completed jurisdictional discovery and filed supplemental pleadings regarding the motion to dismiss on August 12, 2013.  I directed Ayyad to file a second supplemental response by Minute Order of August 14, 2013, which was filed on August 26, 2013.  The second supplemental response asserts that Defendants' reliance on disputed material facts from the jurisdictional discovery requires that the motion to dismiss be converted into a motion for summary judgment.  It also asserts that the Court should deny Defendants' motion to dismiss and merge the substantive question of whether Ayyad's due process claim for his original transfer to the ADX is moot with its ultimate decision on the pending summary judgment motion.  Defendants responded to the issues raised in Ayyad's second supplemental response on October 15, 2013.  I find that the above-referenced issues raised in the second supplemental response must be resolved to facilitate the hearing and resolution of the dispositive motions.

Turning more specifically to Ayyad's arguments, he asserts that Defendants' reliance on disputed material facts from jurisdictional discovery requires that the motion

to dismiss be converted into a motion for summary judgment.  Ayyad argues in that regard that because Defendants call upon the Court to consider facts outside of the pleadings with respect to his due process claim arising from his original transfer to the ADX, the appropriate standard to be applied is that of a motion for summary judgment under Rule 56.  Under Rule 56's standard, Ayyad argues that the dismissal of his due process claim based on the assertions of one witness for Defendants, reciting material facts that Plaintiff disputes rather than the entirety of the factual record before the Court on the pending summary judgment motion, would be inappropriate.  Accordingly, Ayyad asserts that the Court should deny the motion to dismiss and merge the substantive question of whether his due process claim for his original transfer to the ADX is moot with its ultimate decision on the pending motion for summary judgment.

Defendants argue in response that conversion of a Rule 12(b)(1) motion to a Rule 56 motion is not necessary or proper where jurisdiction can be determined independently of the merits of the substantive claims. That is the case here, according to Defendants, where the jurisdictional and merits questions are not intertwined. Moreover, they contend that it is Rule 12(b)(1), not Rule 56, that allows the Court to resolve any disputed jurisdictional facts.  Defendants also argue that the Court should not merge the substantive question of whether Ayyad's due process claim for his original transfer to ADX is moot with its ultimate decision on the pending summary judgment motion.  They assert it would be improper to convert the motion from a format that allows the Court to resolve any potential jurisdictional fact dispute (Rule 12(b)(1)) to one that does not (Rule 56).  Further, they contend that even if the Court were to treat

the Rule 12(b)(1) motion as a Rule 56 motion, it can decide that motion separately

without "merging" it with the pending summary judgment briefing because the motions

raise distinct issues.  Defendants assert that the Court should resolve the threshold

jurisdictional issue first, in the context of the pending Rule 12(b)(1) motion.

Turning to my analysis, when a party moves to dismiss for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack

to the allegations of the complaint or a factual attack.  *See Castro v. Kondaur Capital*

*Corp.*, 541 F. App'x 833, 836 (10th Cir. 2013).  In a factual attack, as in this case, "a

party may go beyond allegations contained in the complaint and challenge the facts

upon which subject matter jurisdiction is based."  *Holt v. United States*, 46 F.3d 1000,

1002 (10th Cir. 1995).  The court has wide discretion to allow affidavits and other

documents outside the pleadings, and may hold a limited evidentiary hearing to resolve

the disputed jurisdictional issues under Rule 12(b)(1).  *Id.*  "In such instances, a court's

reference to evidence outside the pleadings does not convert the motion to a Rule 56

motion."  *Id.*  Once the evidence is submitted, "the district court must decide the

jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial

on the issue."  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

There is, however, an exception to the above rule.  Thus, "a court is required to

convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) or a Rule 56 summary

judgment motion when resolution of the jurisdictional issue is intertwined with the merits

of the case."  *Holt*, 46 F.3d at 1003.  "The jurisdictional question is intertwined with the

merits of the case if subject matter jurisdiction is dependent on the same statute which

provides the substantive claim in the case." *Id.* (conversion not required where the jurisdictional issue did not depend on the FTCA which provided the substantive claim in the case); *cf. Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) (finding that the determination of whether the plaintiff qualified as an employee under the federal discrimination statutes is both a jurisdictional question and an aspect of her substantive claim in her discrimination action).

In the case at hand, Ayyad's due process claim asserts that his transfers into ADX and the H-Unit and his "indefinite confinement" therein as well as the additional restrictions on his confinement by the imposition of the SAMS deprived him of a constitutionally protected liberty interest.  I thus must determine on the merits, as raised in the summary judgment motion, whether such a protected liberty interest exists. Ayyad also asserts that he received insufficient process in connection with those deprivations, which I also must determine on the merits in connection with the summary judgment motion.  I find that the jurisdictional issue in dispute in the motion to dismiss— whether Ayyad's transfer from the ADX to CMU Terre Haute (along with the termination of the SAMs imposed on him) renders this claim moot—is a separate issue and is not intertwined with the merits.  Accordingly, I reject Ayyad's arguments that I should convert the motion to dismiss raising jurisdiction under Rule 12(b)(1) into a summary judgment motion and/or merge the issue of whether the due process claim is moot into the summary judgment briefing.

A different question not addressed by the parties is whether Defendants' argument that the due process claim should be dismissed based on the jurisdictional

discovery should have been raised in a new motion to dismiss or in a motion for reconsideration of my October 2012 Order, rather than in supplemental pleadings after the motion to dismiss was already denied as to this claim.  I believe that this argument should have been raised in a separate motion, but note that Plaintiffs did not raise this issue or object on this basis.  Because of this, and because the dispositive motions have been pending for some time and need to be resolved expeditiously, I will treat the portion of Defendants' supplemental pleading of August 12, 2013 (and its response filed October 15, 2013) that argue the due process claim is moot as a motion for reconsideration of my October 10, 2012 Order denying the motion to dismiss as to that claim.

I note that a motion for reconsideration of an interlocutory order "'invok[es] the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'"  *Fye v. Okla. Corp. Com'n*, 516 F.3d 1217, 1224 n. 2 (10th Cir. 2008) (quotation omitted); *see also Nat. Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000) ("Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders.").  "This inherent power is not governed by rule or statute and is rooted in the court's equitable power to process litigation to a just and equitable conclusion.'"  *Nat. Bus. Brokers*, 115 F. Supp. 2d at 1256 (quotation and internal quotation marks omitted).  "Thus, a court can alter its interlocutory order even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied."

*Id.* While the court has broad discretion to alter its interlocutory orders, "as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.* (quotation omitted).

Since I am treating Defendants' supplemental pleadings as a motion for reconsideration, I believe in the interest of fairness that Ayyad should be allowed to file a response that addresses whether reconsideration of my ruling denying the motion to dismiss as to the due process claim is appropriate. That response shall be filed by Friday, June 27, 2014. Defendants may, if they wish, file a reply to that document by Wednesday, July 15, 2014. No other filings will be allowed as to the reconsideration issue.

Given the above deadlines for further briefing, the hearing currently set for July 1, 2014, must be continued. I also find that the hearing should be continued so that briefing can be completed on Defendants' Motion for Summary Judgment as to Ayyad. While I initially stayed Defendants' reply brief to the summary judgment motion pending resolution of the jurisdictional issues, as discussed earlier, I see no need for the continuance of such a stay at this time. Instead, I find that the hearing should address the substance of both of the dispositive motions. Accordingly, Defendants shall file a reply brief to the summary judgment motion by Tuesday, July 1, 2014. Also, in light of the substantial development of this case since the initial briefing on the summary judgment motion, which developments Defendants may refer to in the reply brief, I grant Plaintiff Ayyad leave to file a surreply. The surreply shall be filed by Friday, July 18,

2014.  The hearing on pending motions is reset to Thursday, September 4, 2014, at 1:30 p.m.

In conclusion, it is

ORDERED that the following arguments raised in Ayyad's Second Supplemental Response to Defendants' Motion to Dismiss are **REJECTED**:  (1) that Defendants' Motion to Dismiss Ayyad's Claims as Moot should be converted into a motion for summary judgment and (2) that Defendants' Motion to Dismiss Ayyad's Claims as Moot should be denied and the Court should merge the question of whether Ayyad's due process claim for his original transfer to the ADX is moot with its decision on the pending summary judgment motion.  It is

FURTHER ORDERED that the portions of Defendants' Supplemental Pleading in Support of Motion to Dismiss filed August 12, 2013, and their Response of October 15, 2013 that argue the due process claim is moot will be treated as a motion for reconsideration of my October 10, 2012 Order denying the motion to dismiss as to that claim.  It is

FURTHER ORDERED that by **Friday, June 27, 2014**, Ayyad shall file a response to whether reconsideration of my ruling denying the motion to dismiss as to the due process claim is appropriate.  Defendants may, if they wish, file a reply to that response by **Wednesday, July 15, 2014**.  No other filings will be allowed on this issue.  It is

FURTHER ORDERED that by **Tuesday, July 1, 2014**, Defendants shall file a reply brief to the portion of their Motion for Summary Judgment that seeks judgment as

to Ayyad's claims.  Ayyad may, if he wishes, file a surreply by **Friday, July 18, 2014**.

Finally, it is

ORDERED that the hearing on July 1, 2014, at 10:00 a.m. is **VACATED** and

**RESET** to **Thursday, September 4, 2014, at 1:30 p.m.**

Dated:  June 10, 2014

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge