IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02342-WYD-MJW
       (Consolidated with 05-cv-02653)

NIDAL A. AYYAD and
MAHMUD ABOUHALIMA,

        Plaintiffs,

v.

ERIC H. HOLDER, JR., Attorney General of the United States;
CHARLES E. SAMUELS, Director of the Federal Bureau of Prisons;
PAUL M. LAIRD, Regional Director, North Central Region;
DAVID BERKEBILE, Warden, United States Penitentiary-Administrative Maximum; and
JOHN DOES 1 THROUGH 5, sued in their official capacities,

        Defendants.

---

### ORDER

---

        THIS MATTER is before the Court on a review of the file in preparation for the

upcoming hearing on September 4, 2014.  I first note that Plaintiff Nidal A. Ayyad

["Ayyad"] concedes in his Surreply in Opposition to Defendants' Motion for Summary

Judgment that his First Amendment claims are now moot.  Accordingly, Defendants'

Motion to Dismiss Ayyad's Claims as Moot ["motion to dismiss"] will be granted as to the

First Amendment claims.

        Ayyad's only remaining claim is his due process claim challenging his transfer to

ADX.  At the upcoming hearing, I will hear argument whether Defendants have shown

based on the jurisdictional discovery that I should reconsider my previous ruling denying

the motion to dismiss as to this claim, and now find it is moot.  If Ayyad's remaining

claim is not dismissed as moot, I will hear argument as to whether summary judgment

should be granted on the merits of the claim.  Finally, I will hear argument as to whether

summary judgment as to Plaintiff Mahmud Abouhalima's claims is appropriate.

I now turn to the other pending motion—"Defendants' Motion to Strike or, in the

Alternative, Have the Court Disregard Three Exhibits to Ayyad's Surreply [Doc. 381]"

["motion to strike"] filed August 5, 2014.  Plaintiff Ayyad filed a response on August 14,

2014.  I have determined that I need not await the filing of the reply before ruling on this

motion.  *See* D.C.COLO.LCivR 7.1(d).

The exhibits that are the subject of Defendants' motion to strike are (1) a

statement of a physician named James H. Scully, Jr., submitted to a subcommittee of

the Senate Judiciary Committee on behalf the American Psychiatric Association on

June 19, 2012 (ECF No. 381- 1); (2) a document labeled as the "interim report of the

Special Rapporteur," stating that it was transmitted to the United Nations General

Assembly on August 5, 2011 (ECF No. 381- 2); and (3) a 2014 document prepared by

unknown authors associated with Amnesty International (ECF No. 381-3).  These

exhibits were referenced by Ayyad for the first time in his surreply.  Defendants argue

that they should be stricken or disregarded because these materials were not disclosed

by Ayyad pursuant to Fed. R. Civ. P. 26(a) or 26(e), nor were the authors of these

documents disclosed as possible witnesses who could be subject to cross-examination

by the Government.  Defendants also argue that these materials cannot be used to

create a fact dispute on summary judgment because they contain inadmissible hearsay.

*See* Fed. R. Civ. P. Rule 56(c)(2) ("A party may object that the material cited to support

or dispute a fact cannot be presented in a form that would be admissible in evidence.");

*see also Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1210 (10th Cir. 2010) ("any

hearsay contained in a summary judgment affidavit remains hearsay, beyond the

bounds of the court's consideration").

I find that Defendant's motion to strike should be denied.  First, relevant to Fed.

R. Civ. P. 26, Ayyad points out that none of these exhibits were or are in the

possession, custody, or control of the Plaintiffs to the exclusion of the Defendants, and

that each of these exhibits is in fact publicly available online: (a) the American

Psychiatric Association statement submitted to the Senate Judiciary Committee (Ex. 2 –

ECF No. 381-1) at http://solitarywatch.com/wp-content/uploads/2012/06/american-

psychiatric-association1.pdf; (b) the report of the Special Rapporteur on Torture of the

Human Rights Council to the United Nations General Assembly (Ex. 3 – ECF No. 381-2)

at http://solitaryconfinement.org/uploads/SpecRapTortureAug2011.pdf; and (c) the

Amnesty International report dated July 2014 (Ex. 4 – ECF No. 381-3) at

http://www.amnestyusa.org/sites/default/files/amr510402014en.pdf.[1]  The disclosure

requirement of Rule 26 "applies only with respect to documents that are within the

custody or control of the disclosing party within the meaning of Rule 34."  8A CHARLES

ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE

AND PROCEDURE § 2053, p. 370 (2010).  Moreover, Ayyad is correct that courts have

---

[1] These documents were created in 2011, 2012, and 2014, and did not exist at the time of initial
Fed.R.Civ.P. 26(a) disclosures.

held discovery (and thus disclosure under Rule 26) is not required of documents of

public records which are equally accessible to all parties.  *See Snowden by and*

*Through Victor v. Connaught Laboratories, Inc.*, 137 F.R.D. 325, 333 (D. Kan. 1991)

(citing  *S.E.C. v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D. N.Y. 1973));

*Accord, Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D. 1, 11 (D.D.C.

2007); *Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.*, 426

F. Supp. 2d 68, 90 (W.D.N.Y. 2005) (Mag. Judge rec. adopted at 425 F. Supp. 2d 352);

*cf., Averyt v. Wal-Mart Stores, Inc.*, 265 P.3d 456, 460 (Colo. 2011) ("As a general rule,

however, discovery is not required for public documents that are equally available to all

parties. . . . In addition, we apply this general rule in the context of automatic disclosures

because nothing in Rule 26 requires disclosure by a party of documents which it would

not be required to produce, if requested, under C.R.C.P. 34.").

I also reject, for purposes of the summary judgment motion only, Defendants'

argument that these documents may not be considered because they would be

inadmissible in evidence as hearsay.  Ayyad asserts in his response that these exhibits

are not presented for the truth of the matters asserted therein.  Rather, as discussed in

Section II.B (page 8) of Ayyad's Surreply, they are offered as demonstrative of the

possible conclusions that a reasonable factfinder could reach in a trial of this case.  For

example, Exhibits 2 and 4 (ECF Nos. 381-1 and 381-3) are referenced by Ayyad as

examples that prolonged and indefinite solitary confinement or isolation has become a

matter of concern for professional and human rights organizations – a perhaps

nonremarkable fact of which the Court could take judicial notice.  Ayyad asserts they

are offered only for the proposition that a reasonable factfinder could conclude similarly in this case, depending upon the specific evidence that would be presented at a trial. *Cf. Blair v. City of Pomona*, 223 F.3d 1074, 1081 (9th Cir. 2000) (taking judicial notice of an independent investigation of the Los Angeles Police Department as illustrative of concerns nationwide regarding "codes of silence" impeding investigations within police departments); *Winder v. Erste*, 905 F. Supp. 2d 19, 38 n. 8 (D.D.C. 2012) (taking judicial notice, as a "matter[] of a general public nature," of a newspaper article illustrating that matters subject to a whistleblower complaint were already publicly known). Similarly, Ayyad asserts that Exhibit 3 (ECF No. 381-2) is only referenced to present a durational benchmark for terms of solitary confinement endorsed by the United Nations Special Rapporteur – a fact also readily subject to judicial notice whether or not one agrees with the benchmark. I agree with Ayyad that this evidence is different from a situation – such as that discussed in the *Johnson* case cited by the Defendants – in which out-of-court hearsay-within-hearsay statements bearing directly and exclusively upon the specific factual dispute at issue were proffered.

Based upon the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Ayyad's Claims as Moot (ECF No. 307) is **GRANTED** as to Ayyad's First Amendment claims, as he now concedes that they are moot. It is

FURTHER ORDERED that "Defendants' Motion to Strike or, in the Alternative, Have the Court Disregard Three Exhibits to Ayyad's Surreply [Doc. 381]" filed August 5, 2014 (ECF No. 383) is **DENIED**.

Dated:  August 19, 2014

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge